Sutliee, J.,
dissenting. This case comes before us upon special demurrer to the third amended petition of the plaintiff, and presents the single question — does the petition, as finally amended, contain a sufficient statement of facts to constitute a cause of action ? I think it does not; and will here state the reasons of my dissent from the opinion pronounced. in the case.
In the first place, I will premise, that inasmuch as the record shows that to each of the two preceding petitions in-this case a demurrer has been offered and sustained for like ■ cause, to-wit, that the petition did not state sufficient facts to constitute a cause of action, it is to be presumed that all the existing facts in the case that can in truth be stated, are expressed in this petition. It is, therefore, but reasonable, in passing upon this third demurrer, for the same cause for which the preceding demurrers have been sustained, that we take it for granted that counsel have stated all the facts necessary to constitute their cause of action, which they can. state consistently with truth, leaving no existing facts to be implied.
Do the facts stated in the petition as thus amended, then, constitute a cause of action ?
It is required by section 85 of the code of civil procedure that the petition shall contain “ a statement of facts, constituting the cause of action, in ordinary and concise lan *82 guageand a statement of the facts constituting a cause of action is no more dispensed with in the petition, than it was at common law in a declaration. I do not say the same regard to form or manner of statement should be required, upon demurrer; but it is equally necessary that there should be a statement of the substantive facts constituting the cause of action; and such, I understand to be the holding of courts in other states upon similar provisions of their codes. Wintersmith v. Burritt, 14 B. Mon. 84; Buddington v. Davis, 7 Howard, 402.
The original petition and each of the amended petitions show that the defendants were not liable at common law, upon the bank-notes, copies of which are set forth, and upon which a recovery is sought against the defendants.
The petition shows that the banking company was incorporated, and has ever since been in operation as a banking company, under its charter of February, 1834; that the act of February 21,1843, amendatory of its charter, was enacted and went into operation, and is still in force, unless superseded by the act of February, 1844. But the plaintiff’s only right of action claimed in this case, arises by force of this last mentioned statute. It is, therefore, incumbent upon the plaintiff, claiming such new right or remedy by virtue of a statute of 1844, to show that that statute is in force, and to state all the facts required by the statute to constitute the right of action, thereby given, or the remedy thereby afforded ; or, in other words, to state such facts as constitute a title or right to recover by force of the statute.
But the act of February, 1844, relied upon by the plaintiff, was only to take effect, as stated in the petition, when each and all the stockholders, parties to be affected thereby, should signify their assent to the liability mentioned in the act, and now claimed in the petition. The act could only take effect upon the happening of the condition prescribed. The plaintiff, must, however, state such facts as make the statute operative. Has he done it? His petition shows that the act was to be of no force or effect until “ each and all stockholders of said bank signify their assent to the liability, by *83 filing their written declaration thereof, with the auditor of state, on or before the 1st of March” (1844), etc. But the plaintiff does not aver that “ each and all the stockholders,” or that even a majority of them, by themselves, or their agent, ever gave their assent thereto, as prescribed, or otherwise. The petition avers that the said defendants being then and there stockholders of and in said company,, and so continuing, did then and there “ in connection with others, claiming to be and acting as stockholders of said bank, signify their assent to the liability,” etc., “ by then and there filing their written declaration thereof with the auditor of state, which written declaration of assent was filed by said defendants,” “ as and for a full compliance on their part with the provisions of said act, and as and for the liabilities imposed by * * * Said act,” etc. But the petition avers that the statute was to be operative upon each and all the stockholders so signifying their assent, and filing their written declaration as prescribed; and the event which is thus shown to be a condition precedent, it is not averred in the petition, has ever occurred. Nor is it stated that these defendants so filed thejr declaration as a compliance on the part of the stockholders generally; but it is expressly stated to have been merely as a compliance “ on their part with the provisions of the act.”
The object of the act is apparent. It was, not to make any one or two of the stockholders liable, but to make all liable by their all giving their express written consent thereto. This is the plain and obvious meaning of the act.-
The stockholder who was willing, in common with all other stockholders, to assume individual responsibility, might, with safety, file his written declaration; and, in case all the stockholders should concur with him, and respectively file their declaration of like assent, as prescribed, individual responsibility would be incurred — not by part of the stockholders, but by all; and such responsibility would have to be borne by all equally.
But the amended petition assumes a forced and unnatural construction for the act, and one utterly inconsistent with its language. It is assumed by the plaintiff that if one or more *84 of the stockholders filed his or their declaration of assent to-individual liability upon all the stockholders, even if no others assented, he or they thus assenting on his or their part to become liable in common with all the stockholders, would himself, or themselves, alone be held personally responsible for the entire liabilities of the bank.
There is nothing in any of the statutes mentioned in the-petition and relied upon, expressing or contemplating any such result. Nor is there even any averment in the amended petition that such is the meaning or intent of the statutes.
The following is the .statement of facts contained in the amended petition, constituting the only title of plaintiff, or right of action in the case: After setting forth the statute which was only to become operative, “provided that each and all stockholders of said bank do signify their assent,” etc.; the plaintiff alleges, that “ prior to the first day of March, 1844, to:wit, on the 23d day of February, A.D. 1844, the said defendants being then and there stockholders of and in said company, and so continuing until the commencement of this suit, did then and there, in connection with others, claiming to be and acting as stockholders of said bank, signify their assent to the liability mentioned in the second clause of said act, by then and there filing their written declaration thereof with the auditor of state, which written declaration of assent was filed by said defendants as aforesaid as and for a full compliance on their part, with the provisions of said act, and as and for their assent to the liabilities imposed by, and the rights, privileges and exemptions conferred by said act, and especially of the second section thereof, and was so received and filed by the auditor of state.”
The averments of the petition then amount to simply this— that by force of the statute the defendants became liable to pay the amount of said bank notes; and that the statute was to take effect upon each and all of the stockholders filing their declaration of assent, etc.; but the petition does not state that each and all the stockholders filed their written declaration of assent, or anything equivalent thereto. The plaintiff does not, therefore, show that the statute, under the opera *85 tion of which he claims his right of action, ever took effect, or became operative.
The petition, however, proceeds with the following additional statement of facts, upon which reliance is placed to show a right of action arising from the preceding statements, taken in connection therewith: “ And the plaintiff represents that the said banking company, after the filing of the said written declaration with the auditor of state, exercised and enjoyed all its corporate privileges, and exercised and enjoyed all the privileges and immunities and exemptions secured to them by said amendatory act, so accepted by them, and under said laws paid, received, issued, and put into circulation its bills and notes as money, by and with the knowledge and consent of said defendants, and so continued until the 28th day of Eebruary, A.D. 1845.”
The demurrer, it is said, admits the facts stated in this paragraph; and that those facts, tl}e acts and doings of the said banking company, may be regarded as constituting an estoppel, conclusive upon those who participated in them; and that, therefore, the defendants are estopped or precluded from denying that the Bank of Wooster accepted, as an amendment of its charter, the act of Eebruary 15, 1844.
But how can it possibly be shown that an estoppel arises against these defendants by force of any or all the averments so made by the plaintiff? The averment is that not these defendants, but the “ banking company,” that is, the makers' of the notes, who are not sued, “ exercised and enjoyed all; its corporate privileges and immunities and exemptions se cured to them by said amendatory act,” etc. If, then, these-facts constitute an estoppel upon the banking company, the-makers of the notes, it would be a sufficient answer that the-company, the party so estopped, is not a party in this action nor do the -averments, as made, show the plaintiff or defendants in any other relation than that of strangers to the acts so stated_; and a stranger can neither take advantage of, nor be bound by, an estoppel.
In.the case of Callender v. Painesville and Hudson R. R. Co., the defendants had held themselves out to the public as- *86 an incorporated company, had entered into a written contract with the plaintiff as an incorporated company by their corporate name, and when sued upon the contract, as such corporate company, this court held that the defendants, having contracted as an incorporated company, were estopped to deny their, corporate character, when sued as a corporation by the person with whom they had so contracted as a corporation. “ Under such circumstances the members of the company, and especially the officers of the company, are estopped to deny its existence as a corporation.” Such was the language of the court in that case, in an action between the parties to the contract. But to make this case at all analogous to that, the action should be against the banking company, and the additional fact stated, that at the time of issuing said notes, to the plaintiff, they represented themselves as acting under the statute of February, 1844, and that the plaintiff received the notes in confidence of such representation being true.
Again, it is not averred or shown that the banking company -ever exercised a single franchise, other, or in a more ample manner, under the act of February, 1844, than it had all along exercised, and had a right to exercise, under its original charter, or the act of 1843. Nor is it stated, in the petition, that said plaintiff received said notes of the banking company in confidence that the defendants were liable therefor; or that each and all of the stockholders of said bank had signified their acceptance of the said liability clause of the act of February, 1844.
Indeed, I can not perceive how the doctrine of estoppel has any application in this case. An estoppel only arises where one has done some act, or executed some deed which, upon principles of common honesty and fair dealing, would seem reasonably to preclude him from afterward averring anything to the contrary, and to the prejudice of those giving credit to such act or deed.
In the case of Pickard v. Seers, 6 Adol. & Ell. 475, the doctrine of estoppel in pais was very clearly stated, “ that where one by his words or conduct willfully causes another to *87 believe in tbe existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.” The case is simply this. The plaintiff has brought an action upon certain promissory notes made by a body corporate, a banking company. The action is brought not against the makers of the notes, the corporation, the banking company, but against these defendants, and a right to recover can only arise by force of the statute of February, 1844. It is therefore indispensable that the operation of the statute, and such facts as clearly bring the case within the statute be shown. And the only question is, do these facts, indispensable to a right of recovery, appear from the statements contained in the petition? The demurrer admits everything stated.in the petition ; and I can not perceive how the case is at all affected by the doctrine of estoppel. But while it is evident that the plaintiff can only recover, if at all, by showing or setting forth a statutory cause of action, the petition neither avers nor states facts which show that the statute relied upon ever went into operation. Nor does the petition contain a statement of facts constituting a case within the statute. I think, therefore, the demurrer should be sustained.